No. 02-289

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 119

WESTMARK INTERNATIONAL CORP.,
a Nevada Corporation,

Plaintiff and Respondent,

v.

GOLD HILL PLACERS, INC.; THOMAS R. CAMPBELL and LINDA M.
CAMPBELL, individually; THOMAS R. CAMPBELL and LINDA M. CAMPBELL,
partners, doing business under the firm name and style of CAMPBELL PROPERTIES
PARTNERSHIP; HAROLD REID; DONALD WOGAMON; HAROLD REID,
JIM BRADY & DONALD WOGAMON, partners, d/b/a GOLD HILL PLACERS;
DONALD M. HARPER and RONALD P. HARPER, partners, d/b/a MISSOULA MINING;
BRIAN LOUCKS, TOM STORM, ROGER HATLER, and TOWNSEND MINES,
a limited partnership, d/b/a ANTELOPE PLACERS; B & B MINING PARTNERSHIP,
LTD; SEAHAWK, INC.; WILLIAM C. BALTRUSH; LSE, INC.; the heirs and devisees of
Defendants, if deceased; any personal representatives of Defendants; and all other persons,
unknown claiming, or who might claim any right, title, estate or interest in, or a lien or
encumbrance upon the real property or any part thereof, adverse to Plaintiff's ownership or
any cloud upon Plaintiff's title thereto whether such claim or possible claim be present
or contingent including any claim or possible claim of dower, in chaote or accrued,

Defendants and Appellants.

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Broadwater, Cause No. DV-98-47,
                The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

        Kevin E. Vainio, Attorney at Law, Butte, Montana

        For Respondent:

        Thomas A. Budewitz, Attorney at Law, Helena, Montana

                                Submitted on Briefs:  October 24, 2002
                                            Decided:  April 29, 2003

Filed:

_____
                    Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1     Respondent Westmark International Corp. (Westmark) filed a complaint to quiet title in the First Judicial District Court, Broadwater County. Although the complaint named several defendants, Appellant Gold Hill Placers, Inc. (Gold Hill) was the only defendant to appear. As the case proceeded, Westmark and Gold Hill were unable to agree upon a final pretrial order. Frustrated by this delay, the District Court stated that if the parties failed to present a final pretrial order by February 25, 2002, the trial date set for the case would be vacated. The parties failed to present a final pretrial order by February 25, 2002; however, the case proceeded to trial as scheduled. Gold Hill failed to appear at the trial, and the District Court entered judgment in favor of Westmark. Gold Hill subsequently filed a motion for a new trial. The District Court denied the motion, and Gold Hill appeals. We affirm.

¶2     We restate the sole issue on appeal as follows:

¶3     Did the District Court abuse its discretion when it denied Gold Hill's motion for a new trial?

**BACKGROUND**

¶4     On August 27, 1998, Westmark filed a complaint to quiet title on certain real property located in Broadwater County, Montana. The complaint named several defendants; however, Gold Hill was the only defendant to appear. The District Court subsequently entered judgment by default against the remaining defendants. On November 10, 1998, Gold Hill filed a counterclaim against Westmark, asserting that it was entitled to take possession of the

2

disputed property, or in the alternative, to recover damages from Westmark in the amount of $3,700,000.00.

¶5 A pretrial conference was held on February 22, 2002. Counsel for both Westmark and Gold Hill appeared at the conference; however, the parties were not able to agree upon a final pretrial order. Frustrated by this delay, the District Court stated that if the parties failed to present a final pretrial order by February 25, 2002, the trial date set for the case would be vacated. The case was set for trial on March 4, 2002. On February 27, 2002, Gold Hill filed a motion to stay the trial date, as the parties failed to reach an agreement regarding the final pretrial order. The District Court denied Gold Hill's motion on February 28, 2002.

¶6 Gold Hill failed to appear at the March 4, 2002, trial. On March 5, 2002, the District Court entered its findings of fact, conclusions of law, and judgment, in which it quieted title of the disputed property in favor of Westmark. Gold Hill filed a motion for a new trial on March 15, 2002. On March 22, 2002, the District Court issued an order, stating that Westmark was entitled to recover $23,507.50 in attorney's fees, and $1,904.10 in costs, from Gold Hill. The District Court denied Gold Hill's motion for a new trial on March 26, 2002. Gold Hill appealed the District Court's: (1) findings of fact, conclusions of law, and judgment; (2) March 22, 2002, order; and (3) denial of its motion for a new trial, on April 23, 2002.

**STANDARD OF REVIEW**

¶7 The standard of review of a district court's denial of a motion for a new trial is manifest abuse of discretion. *Satterfield v. Medlin*, 2002 MT 260, ¶ 14, 312 Mont. 234, ¶

3

14, 59 P.3d 33, ¶ 14. The decision to grant or deny a new trial is within the sound discretion of the trial judge and will not be disturbed absent a showing of manifest abuse of that discretion. *Satterfield*, ¶ 14.

## DISCUSSION

¶8    Did the District Court abuse its discretion when it denied Gold Hill's motion for a new trial?

¶9    The District Court's minute entry from the pretrial conference on February 22, 2002, contained the following statement: "The Court ordered the parties to present the Final Pretrial Order by Monday, February 25, 2002, or the Trial date will be vacated." The parties failed to present a final pretrial order by February 25, 2002; however, the case proceeded to trial on March 4, 2002, as scheduled. Gold Hill did not appear at the trial.

¶10    The District Court entered judgment in favor of Westmark on March 5, 2002. Gold Hill subsequently filed a motion for a new trial. Gold Hill's motion asserted that because the parties did not present a final pretrial order by February 25, 2002, it believed that the trial date was vacated. Therefore, Gold Hill alleged that it was deprived of its substantive rights by: (1) an irregularity in the proceedings; or (2) an accident or surprise, when the District Court conducted the trial in its absence. Accordingly, Gold Hill maintained that it was entitled to a new trial pursuant to either subsection (1) or (3) of § 25-11-102, MCA.

¶11    Section 25-11-102, MCA, provides, in pertinent part, that:

> The former verdict or other decision may be vacated and a new trial granted
> on the application of the party aggrieved for any of the following causes
> materially affecting the substantial rights of such party:

4

(1) irregularity in the proceedings of the court, jury, or adverse party or any order of the court or abuse of discretion by which either party was prevented from having a fair trial;

. . . .

(3) accident or surprise which ordinary prudence could not have guarded against[.]

¶12 When considering Gold Hill's motion for a new trial, the District Court noted that at no point did it ever vacate the March 4, 2002 trial date. Gold Hill apparently recognized that the trial was still scheduled because shortly after the pretrial conference it filed a motion requesting that the District Court continue the trial date. The District Court denied this motion on February 28, 2002. As such, the District Court found that it was unreasonable for Gold Hill to have assumed, in light of the above facts, that the March 4, 2002, trial date was vacated. Therefore, the District Court denied Gold Hill's motion for a new trial.

¶13 It is apparent that the District Court was exasperated with Gold Hill's conduct in this matter. In fact, in its order denying the motion for a new trial, the District Court concluded that Gold Hill's strategy was to "muck up" the water so that Westmark would have difficulty proceeding. Also, the District Court was convinced that Gold Hill's counsel refused to sign the final pretrial order presented by Westmark's counsel in order to frustrate the process. Regardless of what the District Court may have stated out of frustration at the pretrial conference, it is obvious that Gold Hill knew it was obligated to file a formal motion seeking a continuance if the trial date was to be vacated. When Gold Hill filed the motion, the District Court denied the request. Therefore, we conclude that it is not plausible that Gold

Hill believed that the trial date had been vacated by the parties' failure to file a final pretrial order.

¶14   In light of our above conclusion, we hold that Gold Hill was not deprived of its substantive rights by either: (1) an irregularity in the proceedings; or (2) an accident or surprise, as contemplated in subsections (1) and (3) of § 25-11-102, MCA. Accordingly, we hold that the District Court did not manifestly abuse its discretion when it denied Gold Hill's motion for a new trial.

¶15   For the foregoing reasons, the judgment of the District Court is affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART

Justice Terry N. Trieweiler dissenting.

¶16 I dissent from the majority Opinion. I conclude that the District Court abused its discretion when it denied the Defendant's motion for a new trial based on an irregularity in the proceedings which prevented a fair trial.

¶17 The District Court's February 22, 2002, minute entry which records what was said by the court to the parties on that date clearly states that if the parties cannot agree on a pretrial order by February 25, 2002, the trial will be vacated. That statement is unequivocal. No pretrial order was agreed upon on February 25, 2002. It is understandable that anyone paying attention to the court on February 22 would have assumed that the trial date was continued.

¶18 The majority states in ¶ 12 that Gold Hill must have recognized that the trial had not been continued because it filed a motion requesting an order to that effect from the District Court. However, I find nothing inconsistent about assuming that a trial date has been continued based on representations made verbally by the District Court and asking the District Court to reduce its decision to a written order. In that same paragraph, the majority states that the District Court denied the motion for a continuance on February 28, 2002. While it is true that the District Court's order denying the motion to continue is dated February 28, 2002, it was not filed with the clerk of court until Friday, March 1, 2002, and was not mailed by the clerk of court to the Defendant's attorney until March 4, 2002–the date on which the trial proceeded without the Defendant or its attorney.

7

¶19    If the District Court Judge told the Defendant and its attorney on February 22 that the trial date would be continued unless there was a pretrial order signed by both parties, the parties had a right to take the trial judge's statement at face value.  I do not buy the argument that they should have assumed he was just letting off steam or expressing frustration.  While greater caution by Defendant's attorney might have been the more prudent course, when the Defendant did not show up based on the confusion created by the District Court's representation, the trial should have been continued.  When it proceeded without the Defendant, an "irregularity in the proceedings" resulted which denied the Defendant a fair trial.

¶20    For these reasons, I dissent from the majority Opinion.  I would reverse the judgment of the District Court.

/S/ TERRY N. TRIEWEILER